Appellee’s Motion for Rehearing Overruled; Affirmed in part, Reversed
and Remanded in part; Opinion Issued September 25, 2003 















Appellee’s Motion for Rehearing
Overruled; Affirmed in part, Reversed and Remanded in part; Opinion Issued
September 25, 2003 Withdrawn; and Majority and Dissenting Opinions on Second
Motion for Rehearing filed January 15, 2004. 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-01-00854-CV

_______________

 

MARGARET DYE SUDAN, now known as

MAGGIE
MACKENZIE, Appellant

 

V.

 

PHILIP P. SUDAN, JR., Appellee

______________________________________________________

 

On Appeal from the 309th District
Court

Harris County, Texas

Trial Court
Cause No. 93-06003A

______________________________________________________

 

D I S S E N T I N G   O P I
N I O N   O N   S E C O N D

M O T I O
N   F O R   R E H E A R I N G

 

            I respectfully dissent to that
portion of the majority opinion sustaining Mackenzie’s challenge to Sudan’s motion
for summary judgment on Mackenzie’s claim of economic duress.   It is my considered opinion that the
averments in Mackenzie’s affidavit are not sufficient to raise a fact issue on
economic duress.  Duress is an
affirmative defense in 

 class=Section2>

confession
and avoidance of the affirmative defense of release.  Brown v. Cain Chem., Inc., 837 S.W.2d 239, 242–43 (Tex.
App.—Houston [1st Dist.] 1992, writ denied).  There can be no duress without the following:
(1) a threat or action taken without legal justification; (2) the action or
threat was of such a character as to destroy the other party’s free agency; (3)
the threat or action overcame the party’s free will and caused her to do that
which she would not otherwise have done and that which it was not legally bound
to do; (4) the restraint was imminent; and (5) the opposing party had no
present means of protection.  HRN, Inc. v. Shell Oil Co.,
et al., 102 S.W.3d 205, 215 (Tex.
App.—Houston [14th Dist.] 2003 pet. granted).  See also, Chapman Children’s Trust v. Porter &
Hedges, L.L.P., 32 S.W.3d 429,
443.  

            Accepting Mackenzie’s statements as
true, I find her affidavit to be conclusory relative
to the following elements of economic duress: (1) imminency
of restraint from doing what she would have otherwise not done, and (2) no
present means of protection when the amendment was signed.  The bare assertion that she did not have an
attorney is ineffective to prevent entry of summary judgment.  HRN
Inc., 102 S.W.3d at 216; see also, Burrow v. Arce,
997 S.W.2d 229, 235–36 (Tex. 1999); In re Am. Home Prods. Corp., 985 S.W.2d 68, 74 (Tex. 1998).  Clearly, Mackenzie
could have initiated this suit for temporary orders and enforcement of the
divorce decree before signing the
amendment which is the subject of this appeal. 
Accordingly, I would not sustain Mackenzie’s challenge to the summary
judgment negating her economic duress contention.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed January
 15, 2004.

Panel consists of Justices Hudson, Edelman, and
Seymore (Edelman, J. majority).